**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

SHAVAUGHN CARLOS WILSON-EL,    )
                               )
Plaintiff,                     )
                               )
vs.                            )    CAUSE NO. 4:12-CV-015
                               )
WILLIAM K. WILSON, *et al.*,   )
                               )
Defendants.                    )

<u>**OPINION AND ORDER**</u>

Shavaughn Carlos Wilson-El, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983 on July 2, 2012. For the reasons set forth below, the claims against William K. Wilson and Michael Osburn as well as the claims against Timothy Tibbs for failing to protect Wilson-El are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A; the claims against Timothy Tibbs, Dylan Cabanaw, Rollin Pomeroy, B. Leonard, and R. Anderson for retaliating against him are **DISMISSED WITHOUT PREJUDICE**.

<u>DISCUSSION</u>

Shavaughn Carlos Wilson-El alleges that on October 9, 2010, Correctional Officer Timothy Tibbs saw another inmate enter his cell and attack him. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)

(citations and internal punctuation omitted).  However, "[p]risons are dangerous places.  Housing the most aggressive among us, they place violent people in close quarters." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991).

> Some level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do.  Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will *always* be possible to say that the guards "should have known" of the risk.  Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in *Estelle* and its offspring.

*Id.* at 348.

Therefore, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . . ." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837.  Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably.  *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

Here, Wilson-El does not allege that Officer Tibbs knew about the attack before it happened or that he had any reason to suspect that the other inmate was a specific threat to Wilson-El. Thus, Wilson-El does not state a claim against Officer Tibbs for failing to protect him. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (Even expressing a generalized fear of future harm based on past attacks is not sufficient to establish liability.)

Wilson-El also alleges that despite his pleas for help during the attack, Officer Tibbs did not enter the cell to stop it. However, "[a] prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (*quoting Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007)). Because Officer Tibbs had no obligation to personally attempt to physically stop the knife fight between Wilson-El and the other inmate, this allegation does not state a claim.

Next, Wilson-El alleges that Timothy Tibbs, Dylan Cabanaw, Rollin Pomeroy, B. Leonard, and R. Anderson retaliated against him for reporting security violations and vowing to file a lawsuit. He alleges that a false conduct report charged him with assault with a weapon. He alleges that the October 25, 2012, disciplinary hearing on that charge was biased and unfair. He alleges that an

inmate was solicited to plant a weapon in his cell in return for allowing that inmate to take or destroy his property. He alleges that when that weapon was found, another false conduct report was filed against him. He alleges that the disciplinary hearing on that report was was also biased and unfair. Finally he alleges that confidential information was given to his attacker during the investigation of the assault.

Wilson-El argues that these events are part of a conspiracy against him and that he is innocent of the disciplinary charges. However, his version of events is significantly different than the official record as determined during his disciplinary hearing. This is not the proper proceeding to challenge the prison disciplinary hearing body's finding because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Furthermore, to the extent that he is suing for other relief, *Edwards v. Balisok*, 520 U.S. 641 (1997) made clear that such relief is unavailable until after the guilty findings are overturned.

> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards*, 520 U.S. at 643 (citation and quotation marks omitted). Because a finding of liability on any of these retaliation claims would imply his innocence and thereby undermine the validity of the finding of guilt, Wilson-El may not proceed with these claims until they have been overturned or set aside. Here, it is clear that Wilson-El has not yet accomplished this because he has a habeas corpus petition pending in the United States District Court for the Southern District of Indiana which is seeking to set aside the finding that he committed assault with a weapon on October 9, 2010. *See Wilson-El v. Brown*, 2:10-CV-064 (S.D. Ind. filed March 13, 2012).   Therefore these retaliation claims must be dismissed without prejudice.

Finally, Wilson-El alleges that William K. Wilson and Michael Osburn retaliated against him for reporting security violations and vowing to file a lawsuit. He alleges that they did so by placing him in segregation. This claim is simply not plausible. "[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Here, Wilson-El was charged and found guilty of assaulting another inmate with a weapon. There is nothing unusual about placing (and keeping) an inmate in segregation who has been found guilty of attacking a fellow inmate. "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotation marks and brackets omitted).  Here, Wilson-El has not provided any facts to indicate that the real motivation for placing him in segregation was anything other than his record of violence in the prison. Therefore he has not stated a claim against either William K. Wilson or Michael Osburn.

CONCLUSION

For the reasons set forth above, the claims against William K. Wilson and Michael Osburn as well as the claims against Timothy Tibbs for failing to protect Wilson-El are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A; the claims against Timothy Tibbs, Dylan Cabanaw, Rollin Pomeroy, B. Leonard, and R. Anderson for retaliating against him are **DISMISSED WITHOUT PREJUDICE**.

DATED: July 16, 2012                    /s/RUDY LOZANO, Judge
                                        **United State District Court**