```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
              HAMMOND DIVISION AT LAFAYETTE
```

SHAVAUGHN CARLOS WILSON-EL,    )
                               )
Plaintiff,                     )
                               )
vs.                            )    CAUSE NO. 4:12-CV-015
                               )
WILLIAM K. WILSON, *et al.*,   )
                               )
Defendants.                    )

## OPINION AND ORDER

Shavaughn Carlos Wilson-El, a *pro se* prisoner, filed an amended complaint (DE # 16) pursuant to 42 U.S.C. § 1983 on November 26, 2012. For the reasons set forth below, the Court: (1) **GRANTS** Shavaughn Carlos Wilson-El leave to proceed against Correctional Officer Timothy Tibbs in his individual capacity for compensatory and punitive damages for watching a fellow inmate attack him for seven minutes without making any effort to intervene in violation of the Eighth Amendment; (2) **DISMISSES** all other claims; (3) **DISMISSES** Superintendent William K. Wilson, Sgt. Dylan Cabanaw, Internal Affairs Officer Rollin Pomeroy, Hearing Officer B. Leonard, Correctional Officer R. Anderson, Director of Operations Michael Osburn, and Final Reviewing Authority Charles Penfold; (4) **DIRECTS** the clerk to transmit the summons and USM-285 for Correctional Officer Timothy Tibbs to the United States Marshals Service along with a copy of this order and a copy of the

complaint; (5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Correctional Officer Timothy Tibbs; and (6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Correctional Officer Timothy Tibbs respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Wilson-El began this lawsuit by filing a complaint containing unrelated claims. That complaint was stricken and he was permitted to file an amended complaint. Because his first amended complaint was blurry and unreadable, it too was stricken. When he filed his second amended complaint, the Court screened it as required by 28 U.S.C. § 1915A. Based on the facts alleged in the second amended complaint, the Court dismissed the case. In response, Wilson-El argued that he had omitted facts from his complaint and asked to re-open the case. The Court granted that motion and permitted him to file a third amended complaint. It is that complaint (DE # 16) which the Court will now screen pursuant to 28 U.S.C. § 1915A.

DISCUSSION

Shavaughn Carlos Wilson-El alleges that on October 9, 2010, Correctional Officer Timothy Tibbs saw another inmate enter his

cell and attack him with a weapon.  He alleges that Officer Tibbs watched the attack, but did nothing to intervene and stop it for seven minutes.  Only then did he sound the alarm and call for help to break-up the fight.  Ultimately, Officer Tibbs entered the cell block with other officers who secured the area.

Wilson-El clearly believes that Officer Tibbs should have entered the cell alone and attempted to physically stop the fight. However, "[a] prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) *quoting Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007). Based on the events as described, it is clear that Officer Tibbs had no obligation to enter the cell to stop the fight.

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted).  When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).  The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837.

Here, it is unclear why Officer Tibbs waited seven minutes to call for help. He may have been confused or scared. Though such a response would be negligent and unreasonable, negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Nevertheless, giving Wilson-El the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has reasonably alleged that Officer Tibbs delayed calling for help because he was deliberately indifferent.

Next, Wilson-El alleges that Superintendent William K. Wilson, Internal Affairs Officer Rollin Pomeroy, and Sgt. Dylan Cabanaw failed to properly train Officer Tibbs. He does not allege that any other officers were not properly trained. Indeed, he implies that other officers were trained because he alleges that other inmates were provided with safety and security that he was denied. However, "[a]n allegation of a 'failure to train' is available only in limited circumstances." *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). "In order to ensure that isolated instances of misconduct are not attributable to a generally adequate policy or training program, we require a

high degree of culpability [to avoid] creating de facto respondeat superior liability . . ..." *Id.* In other words, a failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations." *Id.* Here, because Wilson-El has not plausibly alleged a pattern of constitutional violations related to training staff how to handle the situation at issue here, he does not state a claim against Superintendent Wilson, Officer Pomeroy, or Sgt. Cabanaw for failure to train.

Next, Wilson-El attempts to present a series of claims against Superintendent William K. Wilson, Correctional Officer Timothy Tibbs, Sgt. Dylan Cabanaw, Internal Affairs Officer Rollin Pomeroy, Hearing Officer B. Leonard, Correctional Officer R. Anderson, Director of Operations Michael Osburn, and Final Reviewing Authority Charles Penfold. The factual basis for all of these claims arise from his being found guilty of having a weapon and fighting with another inmate. Wilson-El acknowledges that the finding of guilt has not been dismissed. Therefore, he may not proceed with these claims because *Edwards v. Balisok*, 520 U.S. 641 (1997), extended the holding of *Heck* to prison disciplinary proceedings. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the

conviction or sentence has previously been invalidated." *Edwards*, 520 U.S. at 643.

Wilson-El argues that he is innocent because he was acting in self-defense. However, prisoners can be found guilty of fighting even if they are acting in self-defense. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) ("[I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings.") Here, Wilson-El admits that he fought with another inmate and he admits that he had a weapon (albeit one that he took from his attacker). As such, he admits that he is guilty of fighting and having a weapon. Though he fervently argues that he had no choice because he was attacked, the Court "need look no further than one key piece of evidence: [his] confession." *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007). Because he is guilty, none of the claims which are premised on his asserted innocence state a claim.

Finally, Wilson-El alleges that Internal Affairs Officer Rollin Pomeroy retaliated against him "after Plaintiff vowed to sue the defendant and the other defendants" (DE # 16 at 10). "To prevail on his First Amendment retaliation claim, [Wilson-El] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants'

decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). "A prisoner has a First Amendment right to make grievances about conditions of confinement, [but] the prisoner must exercise that right in a manner consistent with his status as a prisoner." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (quotation marks omitted). That is to say, the First Amendment protects a prisoner's right to file a grievance or a lawsuit, but it does not protect him from threatening or vowing to do so. *Id.* ("We conclude that the confrontational, disorderly manner in which Watkins complained about the treatment of his personal property removed this grievance from First Amendment protection.") Therefore, Wilson-El does not state a claim for retaliation against Officer Pomeroy.

CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** Shavaughn Carlos Wilson-El leave to proceed against Correctional Officer Timothy Tibbs in his individual capacity for compensatory and punitive damages for watching a fellow inmate attack him for seven minutes without making any effort to intervene in violation of the Eighth Amendment; (2) **DISMISSES** all other claims; (3) **DISMISSES** Superintendent William K. Wilson, Sgt. Dylan Cabanaw, Internal Affairs Officer Rollin Pomeroy, Hearing Officer B.

Leonard, Correctional Officer R. Anderson, Director of Operations Michael Osburn, and Final Reviewing Authority Charles Penfold; (4) **DIRECTS** the clerk to transmit the summons and USM-285 for Correctional Officer Timothy Tibbs to the United States Marshals Service along with a copy of this order and a copy of the complaint; (5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Correctional Officer Timothy Tibbs; and (6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Correctional Officer Timothy Tibbs respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: February 15, 2013** /s/RUDY LOZANO, Judge
United State District Court