# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| SHAVAUGHN CARLOS WILSON-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 4:12-CV-015 |
| | ) | |
| WILLIAM K. WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion for Summary Judgment (DE #26), filed by defendant Timothy Tibbs, on May 16, 2013. For the reasons set forth below, the Defendant's Motion for Summary Judgment is **GRANTED**, this case is **DISMISSED WITHOUT PREJUDICE**, and the clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of defendant Timothy Tibbs and against the plaintiff Shavaughn Carlos Wilson-El.

BACKGROUND

Plaintiff Shavaughn Carlos Wilson-El ("Wilson-El") alleged that Correctional Officer Timothy Tibbs ("Officer Tibbs") saw another inmate, Cartier Rachell, enter his cell at the Indiana State Prison and attack him with a weapon on October 9, 2010. He alleged that Officer Tibbs watched the attack but did nothing to intervene and stop it for seven minutes. Officer Tibbs filed a

motion for summary judgment asserting that the prison had a grievance system, that this dispute was grievable, and that Wilson-El did not file a grievance about this issue.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). To establish a genuine issue of fact, the nonmoving party must come forward with specific facts showing that there is a genuine issue, not "simply show that there is some metaphysical doubt as to the material facts." *First Nat'l Bank of Cicero v. Lewco Secs. Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). In ruling on a motion for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Anderson*,

477 U.S. at 255. The court must not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner may not bring an action in federal court until "such administrative remedies as are available are exhausted." Wilson-El acknowledges that he is "well aware of the offender grievance process" and that "[t]he acts and omissions by defendant Tibbs from 10-9-10 were grievable . . . ." (DE #31 at 3). Officer Tibbs argues that Wilson-El did not file a timely grievance. (DE #35 at 1.) Wilson-El does not dispute that the grievance policy required him to submit a formal written grievance within the time limits set forth in the policy. (*See* DE #29-2 at 20.) Though Officer Tibbs discusses various provisions of the grievance policy that could (and perhaps in this case did) make the time frame shorter, it is unnecessary to analyze those provisions because no formal written grievance was filed within the maximum 20 working days allowed (*see* DE #29-2 at 20) and there is no evidence in this record that the deadline for filing a grievance about these issues was enlarged. Thus, the latest that a grievance about these events – which occurred on October 9, 2010 – could have been timely filed (after discounting weekends and Columbus Day on October 11, 2010) was November 8, 2010.

Officer Tibbs has submitted two declarations of Howard Morton, an executive assistant at the Indiana State Prison. Morton declared that Wilson-El filed two grievances (63176 and 63237)[1] arising out of events which occurred on October 9, 2010. (DE #29-1 and #35-1.) Wilson-El acknowledges filing those grievances. (*See* DE 31-1 at 6-7.) He does not contend that either one is about the claim he raises in this case.[2] Rather, he argues that "defendants and several agents took steps to frustrate my pursuit of administrative remedies . . .." DE 31 at 3. The essence of the problem with Wilson-El's argument that he was obstructed from filing a grievance

---

[1] Morton's original declaration only identified one grievance: 63176. (DE #29-1.) After Wilson-El identified a second one (63237) in his response brief, Morton promptly acknowledged it in a second declaration. (DE #35-1.) In his reply brief Wilson-El asks for sanctions because Morton did not mention the second grievance in the first declaration. This request is not set forth in a separate motion as required by Federal Rule of Civil Procedure 11(c)(2), N.D. Ind. L.R. 7-1(a), and 56-1(e). Therefore the Court need not address it. Nevertheless, the court will explain why a request for sanctions would have been meritless even if it had been properly presented.

Wilson-El does not contend that the omitted grievance exhausted his administrative remedies (and it did not). It is about an ongoing need for medical treatment. (DE #31-1 at 7.) Though the introductory sentence begins by explaining that Wilson-El needed treatment for an injury caused by an attack witnessed by a guard that did not stop it, that cursory background statement is not what the grievance is about. The grievance is a request for medical care and the refund of a $10 co-pay. The appeal of that grievance only discusses the absence of medical care needed because he was assaulted with a weapon. (DE #31-1 at 13.) As such, the second grievance (63237) did not notify prison officials of a claim based on a guard's deliberate indifference to being attacked by a fellow inmate.

The second grievance is not material to the resolution of this case. Because the second grievance is of no benefit to Wilson-El, its omission could not have been of any benefit to Officer Tibbs. Wilson-El provides no evidence that the omission was other than an unintentional oversight which could have been easily (albeit meaninglessly) corrected by his merely noting it in his response. Therefore its omission from the first declaration could not be found to have been in bad faith as required by Rule 56(h) and sanctions would not be warranted.

[2] Neither are about Officer Tibbs being deliberately indifferent to the attack by Offender Rachell. The first grievance (63176) is related to Wilson-El's cell being left open on October 9, 2010, so that Offender Hall could steal his property. It makes no mention of an attack. (DE #31-1 at 6.) The second grievance (63237) is about an ongoing need for medical care for injuries sustained in the attack. (DE #31-1 at 7.)

-4-

about the issues raised in this lawsuit is that he has not presented any evidence that he was obstructed from filing a properly completed grievance form before the deadline for filing expired on November 8, 2010. Neither has he presented any evidence that he sought or was granted an enlargement of that deadline to raise the claim that he has presented in this case.

In support of his obstruction claim, Wilson-El submits proof – which the Court accepts as an undisputed fact – that he initiated the grievance process by filing a timely, informal grievance on October 11, 2010 (two days after the attack). (DE #31-1 at 1.) In that informal grievance he stated that the attack "was caused by breach of security orchestrated by correctional officers Timothy Tibbs, D. Cabanau [sp.] and other unnamed officers." (*Id.*) Wilson-El also submits proof - which the Court accepts as an undisputed fact – that he attempted to file a formal grievance (DE #31-1 at 2) on November 11, 2010. In that rejected grievance, Wilson-El wrote:

> (This is not a complaint regarding CAB cases ISP 10-10-0134 / ISP 10-10-0142)
> On 10-9-10 I was assaulted by C. Rachell (Number not known) and forced to defend my life while he was attempting to rob me inside my cell at knife point, and C/O Tibbs stood by and did nothing during security checks, on D E 500 range. This is an A/S unit and I was the only offender who was authorized to be out of my cell for my job, Cell House Representative. I called for help, C/O Tibbs did nothing but ran behind the gate and stood there!! I managed to wrestle away the weapon but still suffered bruises, cuts, & stabs during the defense. I begged Tibbs to let me out with him as Rachell was vowing to get another knife and "kill" me; after I tossed the weapon I took down the range to the bottom. Tibbs then stood there and watched Rachell beat me with a mop handle

on my face, back, and head before he went down the back steps and called a signal. I have been denied proper medical treatment for my injuries, subjected to false reporting of an assault and then possession of a weapon as a conspiracy for vowing to sue for the security breach and labeled a snitch.

(DE #31-1 at 2) (underlines omitted). The relief he sought was: "Proper medical evaluation of my injuries; an internal investigation into my being subjected to discipline when the breach of security caused or failed to prevent. I also want an investigation into my properties stolen." (*Id.*)

That grievance was rejected on November 18, 2010. (DE #31-1 at 3.) The Court accepts as an undisputed fact that the grievance was rejected by checking three reasons on the "Return of Grievance" form:

> Your complaint concerns a Classification or <u>Disciplinary Hearing</u> issue or action. These types of issues or actions are to be appealed through their own appeal process and not through the grievance process
> The grievance form is not completely filled out. Complete the form and submit it again within 5 working days. *Include DOC Number*.
> Your complaint or concern contains multiple issues or events. You may separate the issues and submit a separate form for each one that you wish to grieve.

(DE #31-1 at 3) ("<u>Disciplinary Hearing</u>" circled in original, "*Include DOC Number*" hand written in original.) In addition, Wilson-El was given a letter explaining why his grievance was returned, how he could proceed, and what would happen if he filed another improperly completed grievance.

> My office has received a grievance from you that is being returned for the following reasons:

> The complaint contains multiple issues. You seek relief of requesting a proper medical evaluation stating that you have not been properly treated.
>
> You request an investigation into being subjected to disciplinary discipline. That is an issue that you may pursue through a disciplinary hearing appeal. That is not an issue that the grievance process can resolve.
>
> You request an investigation into alleged stolen properties. Property issues may be grieved but should be a separate issue from medical issues.
>
> I have spoken to Case Manager Brown and asked her to return any grievance forms that are not filled out properly and assist the offender to know how to appropriately fill out the grievance form if an informal resolution is not agreed upon.
>
> You may resubmit a grievance form on the medical issue and property issues if there is no resolution achieved. **Please insure that you include your DOC number on the grievance form.**

(DE #31-1 at 4) (emphasis in original). Wilson-El argues that the rejection of that grievance was improper, but it was not.

Though Wilson-El began the grievance by stating that it was not about either of two disciplinary hearings, his request for an investigation into being subjected to discipline clearly contradicted that statement. As such, it was not improper to have rejected the grievance because it concerned a disciplinary hearing. As for the other two reasons given, the form does not contain his DOC number and it clearly contains more than one issue. Thus both of those are also valid reasons for rejecting the form. It is unclear why neither the rejection form nor the rejection letter make any mention of the assertion that Officer Tibbs did nothing to help during the attack. What is clear is that Wilson-El obfuscated

this issue by asking for an investigation into his disciplinary case. It is also clear that this issue was implicitly rejected as one of several "multiple issues" raised in the grievance. Thus the November 11, 2010, grievance was validly rejected and doing so was not an obstruction of Wilson-El's ability to file a timely grievance.

> This circuit has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

*Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

As a part of the rejection of his November 11, 2010, grievance on November 18, 2010, Wilson-El was granted an additional 5 days to "resubmit a grievance form on the medical issue and property issues if there is no resolution achieved." (DE #31-1 at 4.) He was not granted additional time to file a grievance as to any other issues. Wilson-El argues that after he received the rejection notices, he thereafter made a number of unsuccessful attempts to file a grievance about his claim that Officer Tibbs did nothing to help during the attack on October 9, 2010. Wilson-El states that he was told[3] by Ms. Brown that she was ordered "to reject any grievances

---

[3] Officer Tibbs objects to consideration of this hearsay testimony, but since it is of no benefit to Wilson-El, it is unnecessary to address that objection.

that mentioned the incident or names of any of the parties involved in the incident of 10-9-10." (DE #31 at 5.) However, by then, any grievance about that issue was untimely. So, rejecting such a grievance (or ordering someone else to reject it) was not an improper obstruction that made the grievance system unavailable to Wilson-El.[4] Rather, he had already made it unavailable by waiting too long to file a properly prepared, single issue, written grievance about this issue. Therefore, Wilson-El's equitable estoppel argument is meritless.

Wilson-El argues that he "sought my exhaustion thru other means, even trying to slip my issue into the 2nd level grievance to Central Office" (DE #32 at 13) in the grievance appeal for 63176. (DE #31-1 at 12.) In that appeal he wrote, "(Tibbs C/O) permitted another offender to come into my cell and assault me with a weapon while he stood by and did nothing until the incident became live and the attack had commenced." (*Id.*) Though that version of events is significantly different than the one alleged in this complaint, it nevertheless did nothing to exhaust his administrative remedies because the grievance policy does not provide for adding issues on

---

[4] The only specific example Wilson-El provides is a grievance form dated December 3, 2010, which he says was rejected. (DE #31-1 at 5.) He does not provide a rejection form for this grievance nor provide any details about its rejection. Nevertheless, in addition to being untimely, is also does not contain his DOC number even though he had been specifically admonished to include it on every grievance. He had also been cautioned that any improperly filed out grievance would be rejected. Thus, no reasonable factfinder could infer from the rejection of this grievance that Wilson-El was improperly prevented from filing a timely grievance.

appeal. "The appeal may contain additional facts or information regarding the original issue and may raise concerns regarding the response from the previous level, but it shall not raise new or unrelated issues." (DE #29-2 at 18.)

Finally, Wilson-El argues that, "where a prisoner is pursuing only monetary damages and the prison grievance procedure does not provide for monetary relief, the exhaustion requirement of § 1997e(a) does not apply." *Hollimon v. DeTella*, 6 F. Supp. 2d 968, 970 (N.D. Ill. 1998). However, that is simply not good law.

> Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile. The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations and quotation marks omitted).

Therefore, summary judgment must be granted because Wilson-El did not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). However, because "all dismissals under § 1997e(a) should be without prejudice," the dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

CONCLUSION

For the reasons set forth above, the Defendant's Motion for Summary Judgment (DE #26) is **GRANTED**, this case is **DISMISSED WITHOUT PREJUDICE**, and the clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of defendant Timothy Tibbs and against the plaintiff Shavaughn Carlos Wilson-El.

**DATED: November 21, 2013**　　　　　　　/s/RUDY LOZANO, Judge
　　　　　　　　　　　　　　　　　　　　**United State District Court**